UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

    Plaintiff,

    v.                                         Case No. 24-C-377

JUSTIN L. THOMSEN, et al.,

    Defendants.

---

## DECISION AND ORDER

---

    Plaintiff Damien Shontell Hewlett, who is incarcerated at Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On May 1, 2024, the Court screened the complaint and allowed Hewlett to proceed on Eighth Amendment claims against Defendants. In his complaint, Hewlett alleged that there was extensive video of his interactions with Defendants. As such, the Court "encouraged" Defendants to provide Hewlett with the video and invited Defendants to file a summary judgment motion at their earliest convenience if the video conclusively disproved Hewlett's allegations. Hewlett apparently misunderstood the Court's statements because on May 15, 2024, he filed a motion to compel asking the Court to order Defendants to release the video to him and his lawyers, per the Court's screening order. The Court did not and will not order Defendants to provide Hewlett with the video at this time. The Court gave Defendants the option of moving this case toward resolution more quickly in the event they believed conclusive video exists. The Court did *not* entitle Hewlett to demand immediate release of the video. After Defendants have an opportunity to respond to Hewlett's complaint, the Court will enter a scheduling order setting deadlines for discovery and the filing of dispositive motions.

After the Court enters a scheduling order, Hewlett may serve Defendants with discovery requests seeking production of the video.

The Court also observes that, in his repeated requests for the video, Hewlett referred to the Madison law firm of Strang Bradley as his lawyers. No lawyer has filed a notice of appearance in this case or in any of Hewlett's other cases. The Court cautions Hewlett to be precise in how he characterizes his relationship with this law firm. The mere fact that a lawyer may have signed a release to allow the Department of Corrections to provide a video does not mean that the firm or any lawyer at that firm is representing Hewlett. For Hewlett to suggest otherwise is misleading.

Finally, Hewlett filed a motion to compel Defendants to preserve all video of the incident at issue in this case. The Court will deny Hewlett's motion as unnecessary. Federal Rule of Civil Procedure 37(e) imposes upon parties a duty "to take reasonable steps to preserve" electronically stored information. A Court order imposing the same requirement would be redundant and is, therefore, unnecessary.

**IT IS THEREFORE ORDERED** that Hewlett's motion to compel (Dkt. No. 9) and his motion to preserve video footage (Dkt. No. 10) are **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of May, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge